UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| STEPHON JAMAL DAVIS, | : | VIOLATIONS: |
| LEMAR DIELO KINNARD, | : | 21 U.S.C. § 846 |
| LARRY KEY, | : | (Conspiracy to Distribute and Possess |
| RONALD MATHEWS, | : | with Intent to Distribute 280 Grams or |
| DARREN PILES, | : | More of Cocaine Base) |
| WARREN BOYD, | : | |
| REGINALD MAURICE SUTTON, | : | CRIMINAL FORFEITURE: |
| ELGIN THOMAS HOGGARD, | : | 21 U.S.C. §§ 853(a), and (p) |
| | : | |
| Defendants. | : | |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

Beginning in or about May of 2019, the exact date being unknown to the Grand jury, and continuing through at least August of 2019, within the District of Columbia and elsewhere, **STEPHON JAMAL DAVIS, LEMAR KINNARD, LARRY KEY, RONALD MATHEWS, DARREN PILES, WARREN BOYD, REGINALD MAURICE SUTTON,** and **ELGIN THOMAS HOGGARD**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Quantity of Cocaine Base Involved in the Conspiracy:

With respect to defendant **STEPHON JAMAL DAVIS**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

With respect to defendant **LEMAR KINNARD**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

With respect to defendant **LARRY KEY**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

With respect to defendant **RONALD MATHEWS**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a

Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

With respect to defendant **DARREN PILES**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(iii).

With respect to defendant **WARREN BOYD**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(iii).

With respect to defendant **REGINALD MAURICE SUTTON**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

With respect to defendant **ELGIN THOMAS HOGGARD**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

**(Conspiracy to Distribute and Possess with Intent to Distribute 280 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Section 846)

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p).

A TRUE BILL:

FOREPERSON.

*[signature: Jessie K. Liu]*

Attorney of the United States in
and for the District of Columbia.